IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Phillip S. Figa

Civil Action No. 06-cv-00363-PSF-MEH

FASTSIGNS INTERNATIONAL, INC.,

    Plaintiff,

v.

SELECT SIGNS, INC.; and
ROBERT S. ALEXANDER,

    Defendants.

## PRELIMINARY INJUNCTION

This matter is before the Court on the Motion of Plaintiff FASTSIGNS International, Inc. ("FII") for a Temporary Restraining Order and Preliminary Injunction against Defendants Select Signs, Inc. and Robert S. Alexander, filed March 1, 2006 (Dkt. # 2). By Order entered March 2, 2006, this Court set the matter for hearing on March 3, 2006 at 2:30 p.m. At that time, plaintiff appeared by counsel, Defendant Robert S. Alexander appeared *pro se*, and no counsel appeared for Defendant Select Signs, Inc. Plaintiff Alexander stated that he was the sole owner of Select Signs. Inc.

The Court first noted that Plaintiff Alexander had represented to the Court that he had filed an individual bankruptcy proceeding that day or the previous day, and therefore this Court found that all proceedings as against him were stayed by virtue of the automatic bankruptcy stay. Accordingly, the matter proceeded only against Defendant Select Sign, Inc.

The Court indicated that it believed this case was being brought in part pursuant to Paragraph 24 of the parties' former Franchise Agreement (Exhibit A-1 to the Complaint), dated May 18, 2002, which provided for arbitration of a wide range of disputes in subparagraph A, but specifically authorized either the Franchisor or the Franchisee to seek "temporary or preliminary injunctive relief; provided, however, that such party must contemporaneously submit the dispute for arbitration on the merits as provided in Paragraph A above." *Id.* at ¶ 24B. Alexander was the original franchisee, but that designation was transferred to Select Signs by an agreement dated July 3, 2002 (Exhibit A-2 to the Complaint). Counsel for plaintiff confirmed to the Court that an arbitration motion had been filed on or about February 15, 2006 with the American Arbitration Association, and tendered to the Court a copy of the plaintiff's expedited Motion to Compel Arbitration. That motion fulfilled the requirement of ¶ 24B.

The Court received evidence from counsel and heard from Mr. Alexander about Select Signs, Inc. Mr. Alexander indicated Select Signs had no objection to assigning to plaintiff the telephone number formerly held by Select Signs, or the point of sale database, subject to a possible outstanding security interest by a third-party in the database. Counsel for plaintiff indicated that plaintiff was not presently concerned about a possible assertion of a security interest.

The Court also received evidence indication that the location at 560 S. Holly Street, Denver, Colorado, where Select Signs had relocated was within the area code of 80246, and therefore was within what was referred to by the parties as the "A-1 area," an area within which Select Signs had agreed not to compete once the franchise agreement had been terminated.

Based on this evidence, the Court finds that good cause exists to issue a Preliminary Injunction against Defendant Select Signs, Inc.  The Court further finds that FII's Original Complaint, Application for Temporary Restraining Order and Preliminary Injunction support a finding that FII is likely to prevail on the merits in this matter, that FII will suffer immediate and irreparable injury if the Preliminary Injunction is not granted, that 560 S. Holly Street, Unit 5, Denver, Colorado, is within the "A-1 area" of the Franchise Agreement between FII and Defendant Select Signs, Inc., that 560 S. Holly Street, Unit 5, Denver, Colorado is within the 80246 zip code, that the threatened injury to FII outweighs any damage that the injunction might cause Defendant Select Signs, Inc., and that the injunction is not adverse to the public interest.  *See Longstreth v. Maynard*, 961 F.2d 895, 902 (10th Cir. 1992); *SCFC ILC, Inc. v. Visa USA, Inc.* 936 F.2d 1096, 1098 (10th Cir. 1991); *see also* F.R.Civ.P. 65.

The exigencies of this case support such findings and unless Defendant Select Signs, Inc. is enjoined as set forth herein, there exists a substantial likelihood that FII will suffer immediate and irreparable injury as a result of Defendant Select Signs, Inc.'s continued actions and course of action in violation of the rights of FII, for which there is no adequate remedy at law.  If Defendant Select Signs, Inc. were allowed to proceed with the ownership, operation or participation in the operation of the competing sign, graphics and banner business at 560 S. Holly Street, Unit 5, Denver, Colorado 80246 and were allowed to continue to use the point of sale database (depriving FII of its use) and the telephone number (303)756-2550, FII would be damaged as a result.  FII does not appear to have an adequate remedy at law and, thus, will be irreparably harmed

because Defendant Select Signs, Inc. will be in violation of terms of the governing covenant not to compete. This Order is necessary and has been issued with oral notice to the owner of Defendant Select Signs, Inc.

For these reasons, the Court ORDERS the following:

That Defendant Select Signs, Inc., its agents, servants, employees and all persons acting in concert or participation therewith are required to:

1. immediately cease ownership, operation or participation in the operation of a sign, graphics and banner business at 560 S. Holly St., Unit 5, Denver, Colorado 80246 or anywhere else within the "A-1 area" of the Franchise Agreement;

2. immediately return the point of sale database to FII, through a netmeeting with FII's technology people or other appropriate manner, as prescribed by FII and then subsequently destroy any and all copies of this information; and

3. immediately assign telephone number (303)756-2550 to FII.

It is acknowledged that the bond in the amount of One Thousand Five Hundred Dollars ($1,500.00), ordered as a requirement for this preliminary injunction, has been posted with the Clerk of the Court.

This Order shall remain in full force and effect until further order of this Court.

IT IS FURTHER ORDERED by the Court that this case be ADMINISTRATIVELY CLOSED pending completion of the arbitration of the remaining issues between the

parties, as there is no ongoing basis upon which this Court may exercise jurisdiction consistent with the terms of the Franchise Agreement.  See Franchise Agreement, ¶ 24.

DATED: March 7, 2006

BY THE COURT:

*s/ Phillip S. Figa*
_____
Phillip S. Figa
United States District Judge